UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, *et al.*,
                    Plaintiffs,

-v-

IBRAHIM FATIHA, D.C., *et al.*,
                    Defendants.

20-CV-443 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    This is a case in which Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (together, "State Farm") bring common law fraud and unjust enrichment claims against Defendants, New York-based individuals and corporations alleged to have operated a scheme to submit fraudulent no-fault insurance charges. The Scheduling Order was entered on September 10, 2020, and it set March 3, 2021, as the deadline for completion of fact discovery. (Dkt. No. 43.) On December 3, 2020, State Farm informed the Court that Defendants had failed to provide responses to its discovery requests. (Dkt. No 46.) On December 9, 2020, the Court held a conference to address the parties' discovery dispute and confirmed that Defendants had yet to produce a single document. At the conference, the Court ordered Defendants to produce discovery responses by December 23, 2020, and warned that sanctions could follow if Defendants failed to meet that deadline. (Dkt. No. 48.)

    Instead of responding to State Farm's discovery requests, Defendants filed motions to dismiss for lack of subject matter jurisdiction, for judgment on the pleadings, and to stay discovery. (Dkt. No. 49; Dkt. No. 51.) On January 4, 2021, State Farm filed a letter motion to

1

strike Defendants' answers and hold Defendants in default. (Dkt. No. 50.) For the reasons that follow, Defendants' motions are denied, and State Farm's motion is denied.

I. Discussion

A. Defendants' Motions

Defendants attack State Farm's pleadings in two ways. First, Defendants argue that State Farm holds the same citizenship as its New York-based insureds pursuant to 28 U.S.C. § 1332(c)(1)(A) and that this imputed status precludes the Court from exercising diversity jurisdiction. Second, Defendants argue that State Farm's common law fraud and unjust enrichment claims are barred by their respective statutes of limitations. Neither argument is meritorious.

With respect to the jurisdictional argument, § 1332(c) provides that "in any direct action against the insurer of a policy or contract of liability insurance, . . . such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." By the statute's plain text, the citizenship of an insured is imputed to an insurer in "direct action" lawsuits that are brought "against" an insurer. But this is not a direct action lawsuit, or a case in which "an injured party . . . [brought] a tort action directly against an insurer" to bypass litigating against "the alleged tortfeasor insured as a party-defendant." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 672 (2d Cir. 1992). It cannot be said that State Farm "stands in the shoes of [any] legally responsible insured" in litigating this case on its own behalf. *Id*. at 675. Indeed, this case was brought by State Farm, not against it. Section 1332(c)(1)(A) is inapposite, and Defendants' jurisdictional challenge fails.

Defendants' challenge to the timing of State Farm's claims also fails. Dismissing a claim based on the statute of limitations "is appropriate only if [the] complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). Under New

York law, common law unjust enrichment claims "must be commenced within six years" of accruing, and common law fraud claims "must be commenced [within] the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it." N.Y. Civ. Prac. L. & R. ("C.P.L.R.") § 213(2) and (8); *see also Seidenfeld v. Zaltz*, 162 A.D.3d 929, 936 (2d Dep't 2018) (citing C.P.L.R. § 213(2) in analysis of an unjust enrichment claim). To the extent an unjust enrichment or fraud claim "would not exist but for [a] statute," it is subject to a three-year statute of limitations. *Motor Vehicle Accident Indem. Corp. v. Aetna Cas. & Sur. Co.*, 89 N.Y.2d 214, 220–21 (1996); C.P.L.R. § 214(2). Here, State Farm alleges that Defendants submitted charges for medically unnecessary services "[b]eginning in 2013, and continuing through the present day." (Dkt. No. 1 ¶ 36.) Irrespective of whether a six-year, three-year, or two-year statute of limitations applies, State Farm's claims cover discrete charges that were submitted recently and that fall within the allowable period. *See Plitman v. Leibowitz*, 990 F. Supp. 336, 337 (S.D.N.Y. 1998) ("Under New York law, an unjust enrichment claim accrues upon occurrence of the wrongful act giving rise to the duty of restitution."). Even if the claims must be narrowed, and State Farm's damages limited, a judgment on the pleadings disposing of the claims altogether would be inappropriate.

      **B.    The Motion for Sanctions**

In the January 4, 2021 letter motion, State Farm informed the Court that Defendants had failed to meet the December 23, 2021 deadline for producing initial discovery responses. On the day of the deadline, counsel for Defendants requested that State Farm grant Defendants an extension to December 29, 2020. (Dkt. No. 50-2.) Counsel explained that she had not been able to meet with Defendants in advance of the deadline and would meet with Defendants on December 28, 2020, to "finalize responses." (*Id.*) State Farm refused the extension. Instead of

submitting partial or unfinalized responses, Defendants blew through the deadline. No responses were submitted on December 23, 2020. No responses were submitted on December 29, 2020. (Dkt. No. 50 at 3.) And no responses were submitted as of February 26, 2021, when the parties, understanding that the scheduled March 3, 2021 close of fact discovery would not be met, jointly requested an extension of the discovery deadlines in this case. (Dkt. No. 58.) Nothing indicates that Defendants have since provided any response to State Farm's discovery requests.

Under Federal Rule of Civil Procedure 37(b), district courts are empowered to impose a broad array of sanctions for a party's noncompliance with a discovery order. District courts enjoy "wide discretion" in choosing an appropriate sanction, *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (citation omitted), though the Second Circuit has identified four factors that may guide a district court's exercise of its discretion, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). District courts should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Id.* (citing *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). Ultimately, "any sanction must be 'just'" and "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

State Farm requests that the Court, pursuant to its Rule 37(b) authority, strike Defendants' answers and hold them in default. Rule 37(b) expressly contemplates these severe sanctions, which may be imposed in "extreme situations," *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (citation omitted), as when a party substantially

4

delays discovery by engaging in "persistent noncompliance with discovery obligations" or by "declin[ing] to participate further in discovery." *Bhagwanani v. Brown*, 665 F. App'x 41, 43 (2d Cir. 2016); *Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 551 F. App'x 607, 609 (2d Cir. 2014). At a low-water mark, severe sanctions may be imposed after as few as three months of noncompliance, to the extent that the noncompliant party's conduct is "sufficient to allow the district court to conclude that [it] never intended to comply with [] any of the Court's discovery orders." *Funk v. Belneftekhim*, 861 F.3d 354, 369 (2d Cir. 2017); *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009).

The facts at hand present a close case for whether the severe sanction of default is appropriate. The totality of Defendants' conduct in this case indicates their unwillingness to participate in this litigation. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) ("[D]efault is justified if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned." (internal quotation marks and citation omitted)). Instead of producing discovery responses, Defendants have raised thin and borderline frivolous arguments to quash State Farm's subpoenas, challenge State Farm's claims, and challenge the Court's jurisdiction. (Dkt. No. 44; Dkt. No. 49.) These efforts have subverted the Court's Scheduling Order and the December 9, 2020 Order. They have set back discovery by months. At the December 9, 2020 conference, Defendants were put on notice of the possibility that their continued noncompliance would result in sanctions, up to and including default judgment. Notice was also supplied by State Farm's January 4, 2021 letter motion, to which Defendants failed to respond. *See Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279, 1286 (2d Cir. 1994) ("Appellants [] had notice from [the sanctions] motion, and an opportunity to be heard by opposing the motion"). Moreover, holding

Defendants in default would certainly be related to their discovery shortfalls, as Defendants have failed to produce any response with respect to State Farm's claims. Still, the Court worries that the severe sanction of default may not yet be warranted.

Although "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record," *S. New England Tel. Co.*, 624 F.3d at 148, "[a] district judge should employ [such sanctions] only when he is sure of the impotence of lesser sanctions," *Dodson v. Runyon*, 86 F.3d 37, 49 (2d Cir. 1996) (internal quotation marks and citation omitted). Not having imposed sanctions previously, and having now denied the motions Defendants used to justify their discovery delays, the Court believes that lesser sanctions may potentially induce Defendants' compliance and streamline discovery to put State Farm in a position similar to the one it would have been in had Defendants complied. *See Funk*, 861 F.3d at 369. Accordingly, the Court orders Defendants to pay the reasonable expenses, including reasonable attorney's fees, incurred by State Farm in trying to obtain discovery from Defendants. Fed. R. Civ. P. 37(b)(2)(C). The Court also prohibits Defendants from taking fact discovery in this case, which responds not only to Defendants' discovery misconduct but also to their failure to serve any discovery requests (Dkt. No. 50 at 2 n.4) by the deadline set forth in the Scheduling Order. *See U.S. Russia Inv. Fund v. Neal & Co.*, No. 97-cv-1788, 1997 WL 669770, at *4 (S.D.N.Y. 1997) (holding that a party had "waived its right to take discovery by failing to serve any discovery requests prior to the discovery cut-off").

If Defendants' intransience continues, the Court will entertain a renewed motion to strike Defendants' answers and hold Defendants in default.

## II.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss and motion for judgment on the pleadings are DENIED, and their motion to stay is DENIED as moot.  Plaintiffs' motion to strike is also DENIED.

Defendants shall produce the initial discovery responses covered by the December 9, 2020 Order on or before May 24, 2021.  Additionally, the parties are directed to meet and confer regarding an appropriate extended discovery schedule in light of this Opinion.

The Clerk of Court is directed to close the motions at Docket Numbers 49 and 51.

SO ORDERED.

Dated: May 12, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge