# EXHIBIT "1"

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| State Farm Mutual Automobile Insurance, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   20-CV-00443 (JPO) |
| | ) |
| Fatiha, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Vladislav Aguvayev
        33 Trail View Lane, Windham, New York 12496

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Rivkin Radler, LLP<br>926 RXR Plaza<br>Uniondale, NY 11556 | Date and Time:<br>04/03/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographically

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/02/2023

CLERK OF COURT

                         OR

| | |
|---|---|
| _____ | /s/ Garin Scollan |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs,
State Farm Mutual Automobile Insurance, et al.         , who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3372

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  20-CV-00443 (JPO)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                        *Server's signature*

                               _____
                                        *Printed name and title*

                               _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT FOR THE
  EASTERN DISTRICT OF NEW YORK

STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.

INDEX #:
20-CV-00443 (JPO)

Plaintiff(s)
Petittioner(s)

- against -

RETURN DATE:
4/3/2023 @ 10:00AM

FATIHA, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
20662-50003

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE
OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 03/23/2023, 11:51AM at 33 TRAIL VIEW LANE, WINDHAM, NY 12496, deponent served a SUBPOENA TO TESTIFY AT A
DEPOSITION IN A CIVIL ACTION WITH A $250.00 WITNESS FEE on VLADISLAV AGUVAYEV, a witness in the above action.

By affixing a true copy thereof to the door of said premises, the same being the witness's dwelling place/usual place of abode within the State
of NEW YORK.

Deponent completed service by depositing a copy of the above described papers in a post paid, properly addressed envelope in an official
depository under the exclusive care and custody of the United States Post Office  in the State of NEW YORK, on 03/23/2023 addressed to
witness VLADISLAV AGUVAYEV at 33 TRAIL VIEW LANE, WINDHAM, NY 12496 with the envelope bearing the legend PERSONAL AND
CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the
witness, VLADISLAV AGUVAYEV.

Deponent had previously attempted to serve the above named defendant/respondent on the following:
03/03/2023  06:47PM  03/04/2023  01:16PM  03/10/2023  10:00AM  03/18/2023  07:19AM

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY  11556-0926
(516)357-3000

TONY CONIGLIARO

Sworn to before me on 03/27/2023
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.

|  | |
|---|---|
| | INDEX #:<br>20-CV-00443 (JPO) |
| Plaintiff(s)<br>Petittioner(s) | |
| - against -<br>FATIHA, ET AL. | RETURN DATE:<br>4/3/2023 @ 10:00AM |
| Defendant(s)<br>Respondent(s) | ATTORNEY FILE#:<br>20662-50003 |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 03/22/2023, 01:21PM at THE LOBBY OF 1360 OCEAN PARKWAY, BROOKLYN, NY 11230, deponent served a SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION WITH A $95.00 WITNESS FEE on VLADISLAV AGUVAYEV, a witness in the above action.

By delivering a true copy thereof to and leaving with ORLANDO "DOE"/DOORMAN/REFUSED LAST NAME, a person of suitable age and discretion at the above address, the said premises being the witness's dwelling place/usual place of abode within the State of NEW YORK.

Deponent completed service by depositing a copy of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of NEW YORK, on 03/23/2023 addressed to witness VLADISLAV AGUVAYEV at 1360 OCEAN PARKWAY, APARTMENT #10E, BROOKLYN, NY 11230 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, VLADISLAV AGUVAYEV.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex M    Approximate age 60    Approximate height 5'09"    Approximate weight 195    Color of skin WHITE    Color of hair BALDING GRAY .
Other ACCENT

THE DOORMAN PERFORMS NORMAL DUTIES AS A DOORMAN AND WOULD NOT ALLOW DEPONENT ACCESS TO WITNESS'S APARTMENT DOOR.

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY 11556-0926
(516)357-3000

TONY CONIGLIARO
License # 1220476

Sworn to before me on 03/27/2023
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

UNITED STATES
POSTAL SERVICE®

Certificate Of
Mailing

To pay fee, affix stamps or
meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:

P.O. BOX 470
MINEOLA, NY 11501-0470
"Personal & Confidential"

Postmark Here

To: Vladislav Aguvayev
1360 Ocean Parkway
Apartment 10E
Brooklyn, NY 11230

PS Form 3817, April 2007  PSN 7530-02-000-9065

---

UNITED STATES
POSTAL SERVICE®

Certificate Of
Mailing

To pay fee, affix stamps or
meter postage here.

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:

P.O. BOX 470
MINEOLA, NY 11501-0470
"Personal & Confidential"

Postmark Here

To: Vladislav Aguvayev
23 Trail View Lane
Windham, New York 12496

PS Form 3817, April 2007  PSN 7530-02-000-9065





AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| State Farm Mutual Automobile Insurance, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.    20-CV-00443 (JPO) |
| | ) |
| Fatiha, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Renat Dashkevich
              14 Cass Place, Apt. 6F, Brooklyn, New York 11235

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Rivkin Radler, LLP | Date and Time: |
|---|---|
| 926 RXR Plaza | |
| Uniondale, NY 11556 | 04/02/2023 9:00 am |

The deposition will be recorded by this method:     Stenographically

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/02/2023

CLERK OF COURT

                                                            OR

_____          /s/ Garin Scollan
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_          Plaintiffs,
State Farm Mutual Automobile Insurance, et al.                , who issues or requests this subpoena, are:
Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3372

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  20-CV-00443 (JPO)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT FOR THE
  EASTERN DISTRICT OF NEW YORK

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.

INDEX #:
20-CV-00443 (JPO)

Plaintiff(s)
Petittioner(s)

- against -

RETURN DATE:
4/2/2023 @ 9:00AM

FATIHA, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
20662-50003

---

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

TONY CONIGLIARO, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 03/17/2023, 07:46AM at 17-10 RADBURN ROAD, FAIRLAWN, NJ 07410, deponent served a SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION WITH A $105.00 WITNESS FEE on RENAT DASHKEVICH, a witness in the above action.

By personally delivering to and leaving with the said witness  personally a true copy thereof, and that he knew the person so served to be the person mentioned and described in the above mentioned papers.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex M    Approximate age 41    Approximate height 5'10"    Approximate weight 185    Color of skin WHITE    Color of hair BALD    Other
BEARD & NEW JERSEY LICENSE PLATE #:W68RHY

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY  11556-0926
(516)357-3000

_Tony Conigliaro_

TONY CONIGLIARO

Sworn to before me on 03/21/2023
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.  20-CV-00443 (JPO) |
| v. | ) | |
| Fatiha, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     SVA Enterprises Inc.
                P.O. Box 908, Hunter, New York 12442

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Rider

| Place: Rivkin Radler, LLP <br> 926 RXR Plaza <br> Uniondale, New York 11556 | Date and Time: <br> 11/08/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/17/2022

              *CLERK OF COURT*
                                                    OR
                                                        /s/ Garin Scollan
    _____          _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Insurance Company _____ , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-CV-00443 (JPO)

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period:          January 1, 2013 to the Present.

Categories:          For the time period identified above:

1.  All agreements or contracts (including all schedules and exhibits) between: (i) SVA Enterprises, Inc. ("SVA") and (ii) Bronx Management, Inc., Concept Medical Supply, Inc., Michael Berezovsky, Brook Medical Health Practice, P.C., Dundar S. Tuzun, M.D., Tri-Mount Acupuncture, P.C., Daehan Yoon, Dr. Ibrahim Fatiha Chiropractic, P.C., Ibrahim Fatiha, D.C., and/or any individual or entity operating from 489 Brook Avenue, Bronx, New York (collectively, the "Brook Ave Parties").

2.  All W-2s, 1099s, and other proof of payment issued by SVA to any individual who provided technician services for or on behalf of SVA, including but not limited to the technicians that provided services to any of the Brook Ave Parties.

3.  Corporate tax returns (including quarterly reports) and general ledgers for SVA.

4.  All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between: (i) SVA and (ii) any of the Brook Ave Parties.

5.  All documents related to or reflecting payments made to SVA by or on behalf of any of the Brook Ave Parties, including but not limited to any invoices.

6.  All documents reflecting or demonstrating any goods and/or services performed or provided by SVA to, for, or on behalf of any of the Brook Ave Parties.

Note:  To the extent this rider references a corporation or individual, the reference is to that corporation or individual directly or any individual or entity acting for or on its behalf, including any attorneys or law firms representing that corporation or individual.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or garin.scollan@rivkin.com.**

UNITED STATES DISTRICT COURT FOR THE
  EASTERN DISTRICT OF NEW YORK

STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.

INDEX #:
20-CV-00443 (JPO)

Plaintiff(s)
Petittioner(s)

RETURN DATE:
11/8/22 @ 10:00AM

- against -

FATIHA, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
20662-50003

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEFPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/26/2022, 03:50PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on SVA ENTERPRISES, INC NAMED HEREIN AS SVA ENTERPRISES INC., a witness in the above action.

Deponent served SUE ZOUKY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of $40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND NOTICE OF SERVICE in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of NEW YORK, on 10/26/2022 addressed to witness SVA ENTERPRISES, INC NAMED HEREIN AS SVA ENTERPRISES INC. at PO BOX 908, HUNTER, NEW YORK 12442 with the envelope bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the witness, SVA ENTERPRISES, INC NAMED HEREIN AS SVA ENTERPRISES INC.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F    Approximate age 54    Approximate height 5'05"    Approximate weight 170    Color of skin WHITE    Color of hair BLONDE

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY 11556-0926
(516)357-3000

_Stefphanie Corleone_
STEFPHANIE CORLEONE

Sworn to before me on 10/29/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025



USPS 12207

OCT 26 2022

ALBANY
MAIN OFFICE

Postmark Here

UNITED STATES
POSTAL SERVICE®

Certificate Of Mailing

From: Il Presidenti and Confidential"
P.O. Box 416
Marena, NY 11501

To: SUA Enterprises Inc.
P.O. Box 908
Hunter, New York 12442

PS Form 3817, April 2007 PSN:7530-02-000-9065





AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| State Farm Mutual Automobile Insurance, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   20-CV-00443 (JPO) |
| Fatiha, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           MJ Distributors, Inc.
              263 Broadway, Lynbrook, New York 11563

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

           See Attached Rider

| Place: Rivkin Radler, LLP<br>926 RXR Plaza<br>Uniondale, New York 11556 | Date and Time:<br><br>11/08/2022 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/17/2022

|                    *CLERK OF COURT*              OR | |
|---|---|
| | /s/ Garin Scollan |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State Farm Mutual Automobile Insurance Company_____ , who issues or requests this subpoena, are:

Garin Scollan, 926 RXR Plaza, Uniondale, NY 11556, garin.scollan@rivkin.com, 516-357-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  20-CV-00443 (JPO)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER "A"

Time Period:        January 1, 2013 to the Present.

Categories:         For the time period identified above:

1.   All agreements or contracts (including all schedules and exhibits) between: (i) MJ Distributors, Inc. ("MJ Distributors") and (ii) Bronx Management, Inc., Concept Medical Supply, Inc., Michael Berezovsky, Tri-Mount Acupuncture, P.C., Daehan Yoon, and/or any individual or entity operating from 489 Brook Avenue, Bronx, New York (collectively, the "Brook Ave Parties").

2.   All written communications, including but not limited to letters, emails, text messages, and/or facsimile transmissions, between: (i) MJ Distributors and (ii) any of the Brook Ave Parties.

3.   All documents related to or reflecting payments made to MJ Distributors by or on behalf of any of the Brook Ave Parties.

4.   All documents reflecting or demonstrating any goods and/or services performed or provided by MJ Distributors to, for, or on behalf of any of the Brook Ave Parties.

Note:   To the extent this rider references a corporation or individual, the reference is to that corporation or individual directly or any individual or entity acting for or on its behalf, including any attorneys or law firms representing that corporation or individual.

**Please contact Rivkin Radler LLP, c/o Garin Scollan, Esq. with any questions at (516) 357-3372 or garin.scollan@rivkin.com.**

6020917.v1

AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

STATE FARM MUTUAL AUTOMOBILE INSURANCE, ET AL.

INDEX #:
20-CV-00443 (JPO)

Plaintiff(s)
· Petitioner(s)

RETURN DATE:
11/8/22 @ 10:00AM

- against -

FATIHA, ET AL.

Defendant(s)
Respondent(s)

ATTORNEY FILE#:
20662-50003

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

STEFPHANIE CORLEONE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER
THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK

That on 10/26/2022, 03:50PM at 99 WASHINGTON AVENUE, 6TH FLOOR, ALBANY NY 12231, deponent served a SUBPOENA TO
PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION  on MJ
DISTRIBUTORS, INC NAMED HEREIN AS MJ DISTRIBUTORS, INC., a witness in the above action.

Deponent served SUE ZOUKY, an employee with the NEW YORK Secretary of State, with 2 copies of the above described papers and a fee of
$40.00, pursuant to section 306B of the NY BUSINESS CORPORATION LAW.

Deponent completed service by depositing a copy of SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION  in a post paid, properly addressed envelope in an official depository under the
exclusive care and custody of the United States Post Office  in the State of NEW YORK, on 10/26/2022 addressed to witness MJ
DISTRIBUTORS, INC NAMED HEREIN AS MJ DISTRIBUTORS, INC. at 263 BROADWAY, LYNBROOK, NEW YORK 11563 with the envelope
bearing the legend PERSONAL AND CONFIDENTIAL and did not indicate on the outside thereof that the communication was from an attorney
or concerned an action against the witness, MJ DISTRIBUTORS, INC NAMED HEREIN AS MJ DISTRIBUTORS, INC..

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex F    Approximate age 54    Approximate height 5'05"    Approximate weight 170    Color of skin WHITE    Color of hair BLONDE

RIVKIN RADLER LLP

926 RXR PLAZA

UNIONDALE, NY 11556-0926
(516)357-3000

_Stephanie  Corleone_

STEFPHANIE CORLEONE

Sworn to before me on 10/29/2022
MAUREEN MCCAFFREY  NO.01MC5018583
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES OCTOBER 4, 2025

**UNITED STATES**
**POSTAL SERVICE®**

Certificate Of Mailing

From: "Personal and Confidential"
PO Box 470
Mineola, NY 11501

To:
MT Distributors, Inc.
263 Broadway
Lynbrook, New York 11563

ALBANY
MAIN OFFICE

OCT 26 2022
Postmark Here

12207 USPS

PS Form 3817, April 2007 PSN 7530-02-000-9065



U.S. POSTAGE PAID
ALBANY, NY
12207
OCT 28, 22
AMOUNT
$1.75
R2305H127838-46