UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, *et al.*,

                          Plaintiffs,

        -v-

IBRAHIM FATIHA, D.C., *et al.*,

                          Defendants.

20-CV-443 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On May 18, 2023, Plaintiffs filed a letter motion requesting an order compelling non-party Samira A. Agayev to appear for her continued deposition and non-party Vladislav Aguvayev to comply with a properly served subpoena seeking his deposition. (ECF No. 105.) Both Agayev and Aguvayev maintain that significant medial issues prevent them from sitting for their depositions.

    On June 2, 2023, the Court ordered counsel for both Agayev and Aguvayev to submit letter motions describing their current medical status no later than June 23, 2023. (ECF No. 110.) Counsel for Aguvayev has failed to appear or respond to that Order.

    Counsel for Agayev represents that she is unable to attend her continued deposition because she "████████████████████████████████████████████ ████." (ECF No. 113 at 1.) Agayev claims that these pre-existing conditions are aggravated by the stress of deposition and that her health has deteriorated since the initial 2022 deposition. (*Id.* at 1 – 2.)

    The Court concludes that Agayev's current medical condition does not preclude her from sitting for deposition. The Court interprets Agayev's submission as a request for a protective

1

order barring her continued deposition pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. "Rule 26(c) grants district courts discretion to grant a protective order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, but the moving party bears the burden of establishing good cause for such a protective order." *Qube Films Ltd. v. Padell*, No. 13-CV-8405, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) (applying Rule 26 where party sought order precluding deposition based on his medical diagnosis) (citation and internal quotation marks omitted). "[F]or purposes of a protective order, 'good cause' is established when a party is able to show that a clearly defined, specific and serious injury will occur in the absence of such an order." *Id.* (citation omitted and internal quotation marks omitted). Having reviewed the submissions filed under seal at ECF No. 113, the Court concludes that Agayev has not shown good cause. First, as of May 2023, she reported to her medical provider ███████████████████████████████████████. (ECF No. 113-4 at 2.) Second, she has not shown that her ███████ condition will cause a "clearly defined, specific and serious injury" if she is required to sit for deposition.

    Therefore, it is ORDERED that Agayev and Aguvayev shall each sit for depositions within 30 days of the date of this Order. Neither deposition shall exceed 3 hours in length.

    Finally, Agayev requests advance payment of the witness fees provided for in 28 U.S.C. § 1821, as well as payment of $131.63 owed from her initial deposition. Plaintiffs are ORDERED to make the requested advance payment before Agayev's continued deposition and to pay the requested $131.63 within 30 days of this Order.

SO ORDERED.

Dated: July 14, 2023
       New York, New York

                                        J. PAUL OETKEN
                                        United States District Judge